IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                         PLAINTIFF/RESPONDENT

V.                    NO.  5:05-CR-50020-JLH
                           5:07-CV-5154-JLH

LUIS MONARES                                                     DEFENDANT/PETITIONER

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Doc. 59) filed September 10, 2007. The Court has not authorized service on the United States.

**I. Background**

The Petitioner entered into a plea agreement (Doc. 45) September 2, 2005 whereby he agreed to plea guilty to Counts 2 and 3 of the Indictment, charging him with two counts of distribution of a mixture or substance containing methamphetamine, a Schedule II controlled substance. The Petitioner was sentenced on January 24, 2006 (Doc. 55) to 63 months on each count to run concurrently, three years supervised release on each count to run concurrently, a $7,500 fine and a $200 special assessment.  Count six was dismissed on the motion of the United States.

The Petitioner filed this motion pursuant to 28 U.S.C. Section 2255 on September 10, 2007. (Doc. 59)  The Petitioner is currently an inmate at the CI Reeves Correctional Institution, 98 West County road 204, Pecos, TX  79772. The Petitioner specifically left blank all portions of the form provided to insert every ground on which he contended that he was being held in violation of the constitution, laws , or treaties of the United States. (Doc. 59, pages 3-5) The

Petitioner's only claim, or reason for filing the motion was to "ask for help and to get an answer about my transfer from this county... I would like to know what is going on with my transfer". (Doc. 59, page 7)  Attached to the petition is a declaration made by Guillermina Monagres Sanchez who states that she is the legal guardian of the Petitioner's three minor children and that they live in California and it is a great hardship to visit the Petitioner in Texas.  She then request that he be transferred to a facility in California. (Doc. 59, page 8)

## II.  Discussion

**The petition is not timely**.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a section 2255 motion must be filed within one year of "the date on which the judgment of conviction becomes final." See 28 U.S.C. § 2255; *Campa-Fabela v. United States*, 339 F.3d 993 (8$_{th}$ Cir. 2003) Here, Monares has not raised any valid impediment to making a 2255 Motion which was created by government action, and he has not raised any claims which could not have been discovered through the exercise of due diligence prior to the date his conviction and sentence became final.

The plea was entered on September 2, 2005 and the Judgment entered on January 24, 2006.  Rule 4(b) of the Rules of Appellate Procedure provide that an appeal must be filed in the district court within 10 days after the entry of the judgment.  No appeal was taken from the Judgment and the Petitioner filed an affidavit (Doc.58) on February 1, 2006 stating specifically that he was not appealing the judgment.  The current motion was not filed until September 10, 2007 and is thus time barred.

**No constitutional claim asserted**.

Even if the Petitioner's claim had been timely filed he would still not be entitled to any

relief.  The only request that the petitioner is making is that he be transferred from the correctional institution in Texas to one in California so he can be closer to his family.

A prisoner enjoys no constitutional right to remain in a particular institution and generally is not entitled to due process protections prior to such a transfer, *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 1745, 75 L.Ed.2d 813 (1983); *Meachum v. Fano*, 427 U.S. at 228-29, 96 S.Ct. at 2540; *Williams v. Walls*, 744 F.2d 1345, 1346 (8th Cir.1984) (per curiam), *Murphy v. Missouri Dept. of Correction* 769 F.2d 502, *503 (C.A.8 (Mo.),1985)

Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State. Often, confinement in the inmate's home State will not be possible. A person convicted of a federal crime in a State without a federal correctional facility usually will serve his sentence in another State. Overcrowding and the need to separate particular prisoners may necessitate interstate transfers. For any number of reasons, a State may lack prison facilities capable of providing appropriate correctional programs for all offenders.  See *Olim v. Wakinekona*  461 U.S. 238, *245-246, 103 S.Ct. 1741,**1745 - 1746 (U.S.,1983); *Eline v. Brill*, 16 Fed. Appx. 541 C.A.8 (Minn.) 2001.

### III. Conclusion

Based on the above, I recommend that the instant petition be dismissed with prejudice for failure to state a claim and because the claim was not filed within the statutory time. **The petitioner shall have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED THIS 26th day of September 2007

                                                          /s/ J. Marschewski
                                                  HONORABLE JAMES R. MARSCHEWSKI
                                                  UNITED STATES MAGISTRATE JUDGE